IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| THE ORIGINAL TALK RADIO NETWORK, INC., an Oregon corporation, TALK RADIO NETWORK ENTERPRISES, LLC, an Oregon limited liability Company, TALK RADIO NETWORK ENTERTAINMENT, INC., an Oregon corporation, TALK RADIO NETWORK-FM, INC., a Delaware corporation, AMERICA'S RADIO NEWS NETWORK, a Nevada Corporation,<br><br>    Plaintiffs and<br>    Counter-claim<br>    Defendants,<br><br>    v.<br><br>JOSEPH M. ALIOTO, individually and doing business as the ALIOTO LAW FIRM,<br><br>    Defendant and<br>    Counter-claim<br>    Plaintiff. | No. 1:13-cv-00759-PA<br>**ORDER** |

**PANNER, J.**

This matter comes before me on Defendant's Motion for Judgment (#190) and Plaintiffs' Supplemental Motion for Judgment

1 - ORDER

Notwithstanding the Verdict (#199).  Both motions are DENIED.

## Background

This matter was tried before a jury on July 1-2, 2014.  The verdict form asked the jury four questions, which the jury answered as follows:

> I. Did Defendant promise, as part of his written and alleged oral contract with Plaintiffs, to vigorously prosecute Plaintiffs' case?

The jury answered "Yes."

> II. If you answered "Yes" to Question I, did Defendant vigorously prosecute Plaintiffs' case?

The jury answered "No."

> III. Did Defendant promise, as part of his written and alleged oral contract with Plaintiffs, to diligently finalize and file the complaint in Plaintiffs' case?

The jury answered "Yes."

> IV. Did Plaintiffs fail to perform as required by contract?

The jury answered "Yes."

After questioning the jury and hearing the arguments of the parties, I determined that the jury's answers to Questions I, II, and III were inconsistent with their answer to Question IV.  I denied both parties' oral motions for judgment.  I declared a mistrial and set retrial for November 17, 2014.

## Discussion

### I. Defendant's Motion for Judgment

Defendant advances three arguments in support of his motion: First, Defendant argues that the terms "vigorously prosecute" and "diligently finalize and file the complaint" are barred by the parol evidence rule.  Second, Defendant argues that the term

2 - ORDER

"vigorously prosecute" is required to be in writing under the statute of frauds. Third, Defendant argues that any breach on his part is excused by Plaintiffs' breach of the contract.

### A. Parol Evidence Rule

Defendant has previously raised this parol evidence rule argument in his Amended Motion for Summary Judgment (#118) and in his Reply in support of that motion (#132). Defendant also repeatedly raised this argument during trial. I rejected this argument when I denied summary judgment on the breach of contract claim. I further rejected this argument at trial. I find no reason to revisit those rulings at this time.

### B. Statute of Frauds

Defendant argues that the term "vigorously prosecute" is "nebulous and unclear," but that one formulation of the definition would have required him to see the underlying case through to trial. Defendant contends that, because Plaintiffs' replacement counsel took more than a year to conclude the case without a trial, the Statute of Frauds requires that a contract to "vigorously prosecute" be in writing.

Oregon's formulation of the Statute of Frauds requires:

> (1) In the following cases the agreement is void unless it, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party to be charged, or by the lawfully authorized agent of the party; evidence, therefore, of the agreement shall not be received other than the writing, or secondary evidence of its contents in the cases prescribed by law: . . . (a) An agreement that by its terms is not to be performed within a year from the making.

ORS 41.580.

There is nothing in the record to indicate that any

3 - ORDER

agreement to "vigorously prosecute" Plaintiffs' case was "by its terms" not to be performed within a year from the making of the agreement. ORS 41.580 does not, therefore, require that an agreement to "vigorously prosecute" be in writing.

### C. Excusable Non-Performance

Defendant argues that any requirement that Defendant perform under the agreement was conditioned upon the payment of his retainer and that Plaintiffs' failure to pay the full amount excuses Defendant's failure to perform. I rejected this argument at trial, noting that there was contrary evidence in the record. I find no reason to revisit this issue in light of the jury's verdict.

## II. Plaintiffs' Motion for Judgment

Plaintiffs initially moved for judgment immediately after the jury returned their verdict. That motion was denied. Renewed motions for judgment after trial must be filed "no later than 28 days after the jury was discharged." Fed. R. Civ. P. 50(b). The jury was discharged in this case on July 2, 2014. Plaintiffs filed their renewed motion for judgment on August 15, 2014, then filed a corrected version on August 18, 2014. Both dates are well beyond the deadline established by Rule 50(b). Plaintiffs' motion is DENIED as untimely.

## Conclusion

Defendant's Motion for Judgment (#190) is DENIED. Plaintiffs' Supplemental Motion for Judgment Notwithstanding the Verdict is DENIED (#199).

IT IS SO ORDERED.

DATED this __7__ day of October, 2014.

_____
Owen M. Panner
United States District Judge

5 - ORDER