IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| THE ORIGINAL TALK RADIO NETWORK, INC., an Oregon corporation; TALK RADIO NETWORK ENTERPRISES, LLC, an Oregon limited liability Company; TALK RADIO NETWORK ENTERTAINMENT, INC., an Oregon corporation; TALK RADIO NETWORK-FM, INC., a Delaware corporation; AMERICA'S RADIO NEWS NETWORK, a Nevada Corporation, <br><br>    Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> JOSEPH M. ALIOTO, individually and doing business as the ALIOTO LAW FIRM, <br><br>    Defendant and Counterclaim Plaintiff. | No. 1:13-cv-00759-PA <br><br> **ORDER** |

**PANNER, J.**

This matter comes before the Court on Defendant's Motion for Summary Judgment (#205) and Plaintiffs' motion for sanctions

1 - ORDER

(contained in #209). Both motions are DENIED.

## Background

Plaintiffs and counterclaim defendants in this matter are The Original Talk Radio Network, Inc., Talk Radio Network Enterprises, LLC, Talk Radio Network Entertainment, Inc., Talk Radio Network-FM, Inc., and America's Radio News Network (collectively "Plaintiffs"), all of whom are companies which produce syndicated news and talk radio programs. Defendant and counterclaim plaintiff is Joseph Alioto, an attorney specializing in antitrust litigation.

In 2011, Plaintiffs became concerned about the practices of Dial Global ("Dial"). Plaintiffs believed Dial was violating antitrust laws and that Dial's conduct would shortly drive Plaintiffs out of business. Plaintiffs sought to retain Defendant to represent them in an antitrust action against Dial.

After reviewing their case, Defendant agreed to represent Plaintiffs. Plaintiffs contend Defendant promised to prosecute their case against Dial vigorously and promptly file a complaint. On February 10, 2012, Defendant drew up a Fee Agreement, which he sent to Plaintiffs. The relevant terms of the Fee Agreement were:

> 1) The scope of the representation was for Plaintiffs against Dial.
>
> 2) Plaintiffs would pay Defendant a "$500,000 non-deductible non-refundable true retainer" to be paid in installments. The first installment of $150,000 was due immediately, with $100,000 installments due on March 26, 2012, May 7, 2012,

2 - ORDER

and June 18, 2012. A final $50,000 installment was due on July 30, 2012.

3) Defendant would be paid on a contingency basis. He would receive 25% of anything recovered before filing the complaint, 33.33% of anything recovered after filing the complaint, and 40% of anything recovered after the commencement of trial.

4) Plaintiffs would pay $25,000 into a separate fund for Defendant's costs.

5) If Plaintiffs withheld their consent to settle the case for an amount Defendant believed to be reasonable, Defendant would be permitted to withdraw.

Plaintiffs signed the agreement and returned it to Defendant, along with the initial payment of $150,000 and the $25,000 cost fund. Plaintiffs subsequently made the March 26 payment of $100,000.

Defendant and Plaintiffs engaged in settlement negotiations with Dial. Dial offered Plaintiffs concessions, the value of which is disputed by the parties. Plaintiffs repeatedly demanded that Defendant file the complaint, which Defendant refused to do. In May 2012, Plaintiffs claimed that Defendant had breached the contract by failing to file the complaint. Plaintiffs withheld payment of the May 7 and June 18 installments of the retainer and advised Defendant that they would immediately transfer the funds if Defendant filed the complaint against Dial. Defendant again declined to file the complaint.

On June 8, 2012, Defendant sent Plaintiffs a letter stating that Defendant had elected to withdraw from his representation,

3 - ORDER

citing differences of opinion on strategy and tactics and Plaintiffs' refusal to pay the May 7 retainer installment. Plaintiffs did not accept the withdrawal and advised Defendant that the withdrawal would be prejudicial to them. Despite Plaintiffs' protests, Defendant withdrew.

Plaintiffs then filed their complaint against Dial in district court in California. Plaintiffs retained different counsel to represent them in that action. The case against Dial was transferred to New York and has since settled.

Plaintiffs demanded the return of the money they had paid to Defendant. Defendant refused, although he did ultimately return the balance of the cost fund account after Plaintiffs filed this action.

### Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether or not a fact is material is determined by the substantive law on the issue. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). There is a genuine dispute if the evidence is such that a reasonable jury would return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Special rules of construction apply to evaluating summary

judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material facts should be resolved against the moving party; and (2) all inferences must be drawn in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630-31.

## Discussion

### I. Applicable Law

Defendant renews his argument that the law of California should apply to this case.

When sitting in diversity, a federal court must apply the conflict-of-law rules of its forum state to determine which law governs the dispute. See Mortensen v. Bresnan Communs., LLC, 722 F.3d 1151, 1161 (9th Cir. 2013). Under Oregon conflict-of-law rules, the "necessary threshold determination [is] . . . whether there is a material difference between Oregon substantive law and the law of the other forum. Waller v. Auto-Owners Ins. Co., 174 Or. App. 471, 475 (2001). Where no material difference exists, courts will apply the law of Oregon regardless of the relative significance of the relationship between the dispute and the alternative forum. See Angelini v. Delaney, 156 Or. App. 293, 300 (1998).

It is the burden of the party advocating for the application of a different forum's law to identify material differences between the law of Oregon and the law of the alternative forum and Oregon courts will apply Oregon law in the event no party identifies material distinctions, without regard to whether such distinctions actually exist. Id. "[I]t is not [the] obligation [of the courts] to cast around the law of California in quest of

5 - ORDER

possible material differences." Id.

If a material difference is found to exist, courts must then consider the states' relative connection to and interest in the litigation. Lilienthal v. Kaufman, 239 Or. 1, 14-5 (1964). When the interests of neither jurisdiction are clearly more important than those of the other, "the public policy of Oregon should prevail and the law of Oregon should be applied." Id. at 16.

Defendant argues that, under Lilienthal, he is not required to "expressly concede" a conflict of law, but need only contend that, under the laws of California, he "would probably recover." This misapprehends the procedural situation in Lilienthal and would invert Oregon's well-established conflict-of-law test. In Lilienthal, it was the plaintiff who sought to apply California law in Oregon courts, while the defendant sought to apply Oregon law. Lilienthal, 239 Or. at 3. The Oregon Supreme Court determined that, although the defendant "did not expressly concede that under the law of California the defendant's obligation would be enforceable," the defendant's counsel stated that "if this proceeding were in the courts of California, the plaintiff probably would recover." Id. at 5.

Plaintiffs in this case, like the defendant in Lilienthal, oppose the application of California law. Unlike the Lilienthal defendant, Plaintiffs have made no concessions, express or implied, about the likely outcome of this case under California law. It remains Defendant's burden, as the party advocating for the application of California law, to identify material differences between the laws of Oregon and California. Spirit Partners, LP v. Stoel Rives, LLP, 212 Or. App. 295, 301 (2007).

6 - ORDER

Turning then to the threshold test, Defendant argues that a material difference might exist between the laws of California and Oregon with regard to the validity of true retainers. Defendant acknowledges that Oregon law recognizes "nonrefundable" and "earned on receipt" retainers, but argues that Oregon law "may be interpreted in such a way that it could conflict with California law." I previously held that such a showing does not satisfy the threshold requirement of demonstrating a material difference between the laws of Oregon and California. I see no reason to disturb that ruling in light of Defendant's renewed motion. It is Defendant's burden to show that a material difference *does* exist, not merely that it *might*. Accordingly, Oregon law will govern this case.

## II. Defendant's Motion for Summary Judgment

Defendant moves for summary judgment on his counterclaim for breach of contract. Defendant previously moved for summary judgment on this claim in his Amended Motion for Summary Judgment (#118) and I denied the motion (#137). I see no reason to disturb that ruling. Defendant's motion is DENIED.

## III. Plaintiffs' Request for Sanctions

Plaintiffs' Response to Defendant's Motion for Summary Judgment (#209) also contains a "request" that the Court order sanctions against Defendant for submitting declarations in bad faith or for the purpose of delay. Although Plaintiffs call their action a "request," it is more properly classified as a motion.

Local Rule 7-1(b) forbids combining a motion with any

7 - ORDER

response, reply, or other pleading.[1] Plaintiffs' motion for sanctions is subject to denial on that basis alone. See <u>Cantley v. DSMF, Inc.</u>, 422 F. Supp. 2d 1214, 1223 (D. Or. Mar. 20, 2006). Furthermore, even if Plaintiffs' motion for sanctions had been properly presented, there is no evidence that Defendant's declaration was submitted in bad faith or for the purpose of delay. Plaintiffs' motion is DENIED.

### Conclusion

Defendant's Motion for Summary Judgment (#205) is DENIED. This case shall be governed by Oregon law. Plaintiffs' request for sanctions (contained within #209) is DENIED.

IT IS SO ORDERED.

DATED this **29** day of October, 2014.

*/s/ Owen M. Panner*
Owen M. Panner
United States District Judge

---

[1] I note that the Court previously advised Plaintiffs of the requirements of LR 7-1(b) when they submitted their combined Supplemental Motion for Judgment Notwithstanding the Verdict and Plaintiffs' Response to Defendants Motion for Judgment (#193).

8 - ORDER